STATE BOARD OF TAX APPEALS.

APPEAL BY HENRY K. NORTON, TRUSTEE OF THE PROP-
ERTY OF NEW YORK, SUSQUEHANNA AND WESTERN
RAILROAD COMPANY FROM THE FRANCHISE EXCISE
TAX ASSESSMENT MADE BY THE STATE TAX COMMIS-
SIONER OF THE STATE OF NEW JERSEY AGAINST
NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD
SYSTEM FOR THE YEAR 1943.

Decided October 26, 1943.

For the New York, Susquehanna and Western Railroad
Company, *Lum, Fairlie & Wachenfeld* (by *Chester W.
Fairlie*).

For the State Tax Commissioner, *David T. Wilentz,*
Attorney-General (by *Milton B. Conford*).

WAESCHE, President. Henry K. Norton, trustee of the
property of New York, Susquehanna and Western Railroad
Company, appeals from the amount of the franchise tax
assessed against said railroad system by the State Tax Com-
missioner for the year 1943, pursuant to the "Railroad Tax

Law of 1941," as amended (*R. S. Cum. Supp.* 54:29A–13, *et seq.; N. J. S. A.* 54:29A–13, *et seq.*). This said trustee maintains that in computing the net railway operating income of said railroad system for the year ending December 31st, 1942, the State Tax Commissioner failed to deduct from its total railway operating revenues from all sources the sum of $75,366.92 for depreciation of road and structures, and the sum of $198,679.00 for railway tax accruals for the years 1933 to 1936, inclusive. Pursuant to section 9 of chapter 337 of the laws of 1942 (1942, *R. S. Cum. Supp.* 54:29A–44; *N. J. S. A.* 54:29A–44), the railroad filed with the State Tax Commissioner a statement showing its railway operating revenues for 1942, all deductions therefrom, and its net railway operating income remaining after such deductions. In this statement the railroad deducted the above mentioned two items for depreciation and for railway tax accruals.

Under an order of the Interstate Commerce Commission issued on January 19th, 1942, railroads were not required to include in their reports to the Interstate Commerce Commission for the year 1942 any item for depreciation on road and structure. The New York, Susquehanna and Western Railroad did not claim any depreciation charges in its reports to the Interstate Commerce Commission for the year 1942 and the Interstate Commerce Commission did not fix any depreciation charges in determining the net railway operating income of the said railroad for the year 1942. The railroad, however, applied to the Interstate Commerce Commission for the rates to be used in computing depreciation charges for the year 1942 and received such rates from the Interstate Commerce Commission under date of May 22d, 1942, but these rates were not binding on the railroad in the event that later data justified changes.

The railroad maintains that in determining its net railway operating income for the year 1942, the State Tax Commissioner should have allowed a deduction of $75,366.92 from the total railway operating revenues from all sources for depreciation, computed on the depreciation rates set forth in the aforesaid letter from the Interstate Commerce Commission.

We think the State Tax Commissioner's refusal to allow this deduction is justified by the clear language of the law because no depreciation was claimed in the reports to the Interstate Commerce Commission and none was fixed by the Interstate Commerce Commission. Section one of chapter 169, *Pamph. L.* 1942 (1942 *R. S. Cum. Supp.* 54:29A–14; *N. J. S. A.* 54:29A–14), provides as follows:

"Depreciation charges shall in no instance, however, exceed the amount claimed by the railroad for depreciation in its report or reports to the Interstate Commerce Commission and fixed, or if none was claimed then as fixed, by the Interstate Commerce Commission in determining the net railway operating income of the railroad for the year under consideration."

We will next consider the claim made by the trustee for the railroad that the unpaid balances of railway tax accruals for the years 1933 to 1936, inclusive, are deductible from the 1942 total railway operating revenue from all sources in computing the net railway operating income for 1942.

In its report to the Interstate Commerce Commission for the year 1942, under the heading, "Miscellaneous items in income and profit and loss accounts for the year," the railroad reported the payment in 1942 of $198,679 to the State of New Jersey for the unpaid balances of taxes due for the years 1933 to 1936, inclusive. The railroad did not deduct these taxes in computing the net railway operating income it reported to the Interstate Commerce Commission for the year 1942. The State Tax Commissioner refused to allow a deduction of the aforesaid sum of $198,679 because the railroad had not deducted it in reporting its net railway operating income for 1942 to the Interstate Commerce Commission.

Both counsel for the railroad and the Deputy Attorney-General agree that the railroad could have deducted this item of $198,679 for taxes due for the years 1933 to 1936, inclusive, in reporting its net railway operating income for 1942 to the Interstate Commerce Commission and that if it had so deducted it, then the State Tax Commissioner should deduct it in computing the net railway operating income for the year 1942 for the purpose of assessing the 1943 franchise tax. We do not agree.

These unpaid taxes for the years 1933 to 1936, inclusive, were due and payable into the state treasury during the year for which they were respectively levied, and were in default, when they remained unpaid after December 1st of the year in which they were payable. 1924 *Cum. Supp. C. S.* 208–447 i; *N. J. S. A.* 54:27–1 to 54:27–4. It seems clear that when a tax becomes due and payable it has accrued and it is therefore a tax accrual. The fact that an appeal has been taken from the assessment does not change the due date nor stop the running of interest on the taxes that are in default. The tax as assessed remains due until set aside and interest accumulates from such due date. Nor is it of importance how the railroad treats such tax in its bookkeeping. The tax has accrued to the state and it is a tax accrual to the railroad in the year for which it was assessed. Hence, the $198,679 is the sum total of the unpaid 1933 railway tax accruals, the unpaid 1934 railway tax accruals and so on for each of the four years from 1933 to 1936, inclusive.

The statute says that in computing the franchise tax:

"A 'franchise base' shall be computed for *each year* by deducting the sum of two hundred thousand dollars ($200,000.00) from the *next preceding year's net railway operating income.*" Section 1, chapter 169, *Pamph. L.* 1942; *R. S. Cum. Supp.* 54:29A–14; *N. J. S. A.* 54:29A–14.

The statute further says that in computing the "next preceding year's net railway operating income" there shall be deducted from the "total railway operating revenues from all sources:"

"Costs of railroad maintenance, operation and depreciation, railway tax accruals, uncollectible railway revenues, rentals (both debits and credits) for equipment leased for less than one year or interchanged, and joint facility rents (both debits and credits)." 1942 *R. S. Cum. Supp.* 54:29A-14; *N. J. S. A.* 54:29A–14.

It is obvious that the "total railway operating revenues from all sources" are only such revenues that accrue the same year for which the "net railway operating income" is computed, that is, the year preceding the year for which the franchise tax is computed and assessed. In other words, the

"next preceding year's net railway operating income" is computed from the "next preceding year's total railway operating revenues from all sources." It is likewise obvious that in order to arrive at the railroad's "next preceding year's net railway operating income" the deductions the statute directs shall be taken from the railroad's "next preceding year's total railway operating revenues from all sources" can be only those costs that accrued during the "next preceding year," that is, the "next preceding year's" costs of railroad maintenance; the next preceding costs of operation and depreciation: the "next preceding year's" railway tax accruals; and so forth. When the tax accruals were put on its books by the railroad or were paid has no bearing upon net railway operating income as computed according to the statute. 1942 *R. S. Cum. Supp.* 54:29A–14; *N. J. S. A.* 54:29A–14.

We, therefore, conclude that the unpaid 1933 to 1936 railway tax accruals were not deductible in computing the railroad's net railway operating income for the year 1942 for the purpose of assessing the railroad's 1943 franchise tax. The fact that the unpaid 1933 to 1936 railway tax accruals were not shown on the books of the railroad until 1942; and the fact that they were reported by the railroad to the Interstate Commerce Commission in 1942 in the profit and loss accounts are immaterial facts which have no bearing whatever on the determination as to whether or not they should be deducted from the railroad's 1942 "total railway operating revenues from all sources" in computing the railroad's 1942 "net railway operating income" for the purposes of assessing the 1943 franchise tax.

The appeal is dismissed and the franchise tax as assessed by the State Tax Commissioner is affirmed.